OPINION
{¶ 1} Defendant-appellant, Kevin Downing ("Appellant"), appeals a judgment by the Paulding County Common Pleas Court sentencing him to a maximum term of imprisonment for negligent assault, a third degree misdemeanor, to be served consecutively to a previously ordered felony sentence in a separate case. On appeal, Appellant contends that R.C.2929.41(A) precludes a trial court from ordering misdemeanor prison sentences to be served consecutively to previously imposed felony prison sentences. Considering the competing language of R.C. 2929.41(A) and (B)(1) in light of the mandates of R.C. 2901.04(A), we must find that R.C. 2929.41(A) prohibits the imposition of a misdemeanor prison term consecutive to that of a previously imposed felony prison term. Thus, we must reverse the judgment of the trial court.
 {¶ 2} The issues on appeal involve the imposition of sentences upon Appellant in two separate cases by the same court. On June 14, 2002, Appellant was sentenced to eleven months imprisonment for violating community control sanctions, a fifth degree felony. In a separate case, a jury found Appellant guilty of negligent assault, a third degree misdemeanor, on July 9, 2002. Pursuant to a July 15, 2002 judgment entry, the trial court sentenced Appellant to sixty days imprisonment to be served consecutively to the previously imposed felony term. From this decision, Appellant appeals, asserting the following assignment of error for our review:
 {¶ 3} "The trial court erred by imposing a county jail sentence (for misdemeanor) to be served upon completion of and consecutively to a sentence of imprisonment."
 {¶ 4} The outcome of this case is dependent upon the interpretation of and the relationship between R.C. 2929.41(A) and (B). R.C. 2929.41 provides rules for determining when multiple sentences are to be served concurrently or consecutively,[1] and states, in pertinent part:
 {¶ 5} "(A) * * * Except as provided in division (B)(2) of this section, a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.
 {¶ 6} "(B)(1) A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *[.]"
 {¶ 7} R.C. 2929.41(B)(2) provides that sentencing courts must run the misdemeanor offenses listed therein consecutive to the felony offenses also provided therein; however, the offenses in division (B)(2) are not applicable to this case.
 {¶ 8} Reading division (B)(1) in isolation, the State contends that R.C. 2929.41 grants sentencing courts discretion to impose a misdemeanor sentence consecutive to "any other sentence of imprisonment," including a felony sentence, if it so specifies in the record. However, both division (B)(1) and (A) contain language that strains the State's interpretation. Division (A) unequivocally and specifically provides that "[e]xcept as provided by division (B)(2)" misdemeanor sentences "shall" run concurrently to a felony sentence. Likewise, division (B)(1) clearly states that a misdemeanor sentence "shall" run consecutively "to any other sentence" when the court so specifies. Accordingly, when division (B)(1) is read to include felony prison terms and the exceptions provided in division (B)(2) are inapplicable, as is the case herein, the language of (B)(1) and (A) seemingly negate the effect of the other with regard to sentencing a misdemeanor consecutive to a felony. Thus, if subjected to the State's construction, the statute becomes inconsistent due to the competing language of divisions (A) and (B)(1).
 {¶ 9} To avoid this inconsistency, one must interpret the language of division (A) and (B)(2) to dictate the imposition of misdemeanor prison terms in relation to felony prison terms and division (B)(1) to control the imposition of misdemeanor prison terms consecutive to "any other sentence of imprisonment," i.e., any sentence other than the imposition of a felony prison term. Such a reading would give meaning to the mandatory language of both divisions and would defeat the State's argument that misdemeanor prison sentences may be run consecutively to felony prison sentences.
 {¶ 10} Recently, the Fifth Appellate District addressed the exact issue we face today with regards to R.C. 2929.41: "whether a trial court may run a misdemeanor sentence consecutive to a felony sentence already being served."[2] Therein, the court iterated, as mandated in R.C.2901.04(A), that sentencing statutes must be "strictly construed against the state, and liberally construed in favor of the accused."[3] The court then held that R.C. 2929.41(A) requires that misdemeanor convictions be served concurrently to felony sentences already imposed.[4]
 {¶ 11} While we consider the language of R.C. 2929.41 to be inartfully drafted, considering the directives in R.C. 2929.41 and R.C.2901.04(A) in light of our previous discussion, we feel confined to follow the conclusion reached by the Fifth District. As such, we find that the trial court herein erred in ordering Appellant's misdemeanor sentence to run consecutively with his previously imposed felony sentence. However, we empathize with the trial court's frustration in being unable to provide any effective punishment for Appellant's misdemeanor offense since he is serving a previously imposed felony sentence.
 {¶ 12} Accordingly, Appellant's assignment of error must be sustained.
 {¶ 13} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
SHAW, P.J., and BRYANT, J., concur.
[1] See R.C. 2929.41, 1974 Committee Cmt.
[2] State v. Robinson (Feb. 5, 2002), Ashland App. No. 01COA01446, 2002-Ohio-520.
[3] R.C. 2901.04(A); Robinson, supra.
[4] Robinson, supra.